IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BARBARA MARIE FRANTZ,**

    **Plaintiff,**

    v.                                              CASE NO. 23-3246-JWL

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion to appoint counsel (Doc. 3) and objection (Doc. 7) to the Court's order on Plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff requests the appointment of counsel based on the factual complexity of the issues, her inability to investigate, her inability to afford to hire an attorney, and her limited understanding of the law. *See* Doc. 3.

The Court has considered Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting

1

*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

Plaintiff has also filed an objection (Doc. 7) to the Court's Order (Doc. 5) granting Plaintiff's motion for leave to proceed *in forma pauperis* and assessing an initial partial filing fee of $26.50, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff states that she is paying the initial partial fee assessed by the Court, but she asks the Court to waive the remainder of the filing fee in this matter. Plaintiff asserts that it would cause her hardship to pay the remainder of the fee because she has expenses for legal matters, medication, and hygiene items that must come out of the $100 per month her mother gives her. *See* Doc. 7.

28 U.S.C. § 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required* to pay the full amount of a filing fee." (Emphasis added.) The mandatory language of the statute indicates that the Court lacks the authority to excuse Plaintiff from paying the full filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's objection (Doc. 7) to the Order granting her motion for leave to proceed in forma pauperis is **overruled**.

**IT IS SO ORDERED**.

**Dated November 28, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**