IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BARBARA MARIE FRANTZ,**

    **Plaintiff,**

    v.                                          CASE NO.  23-3246-JWL

**STATE OF KANSAS, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Barbara Marie Frantz is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.  Plaintiff is also given the opportunity to file a second amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff is a state prisoner at the Topeka Correctional Facility ("TCF") in Topeka, Kansas. The plaintiff proceeds *pro se* and *in forma pauperis*.

Plaintiff filed a Complaint (Doc. 1) with over 300 pages of attachments and then filed an Amended Complaint (Doc. 6) prior to screening.  Therefore, the Court has screened the Amended Complaint only, as it is the operative complaint.  The 33-page Amended Complaint uses the Court's form but attaches and repeatedly refers to a handwritten complaint.

Plaintiff alleges that she was sexually assaulted at the Leavenworth County Jail ("LCJ") in July of 2017.  (Doc. 1-1, at 28.)  She claims that she did not receive adequate medical care for the three and a half years she was at the LCJ.  Plaintiff alleges that she is now suffering skull swelling

1

as a result of a skull fracture that she sustained in the attack. When she arrived at TCF, she attempted to pursue a Prison Rape Elimination Act ("PREA") claim against LCJ personnel. Plaintiff states that she also "continued to report she was whistleblowing on a large number of medical practitioners and of KU Hospital's medical error causing Ms. Frantz's organ damage." *Id*. at 13. She further states that she filed a civil rights complaint in this Court in May, 2021, which was dismissed, and she alleges that she has been denied due process in state habeas and criminal cases.

Plaintiff contends she is in imminent danger of serious physical injury from her skull swelling. She also states that she has "knots" throughout her body, which are "intentionally-knowingly being concealed in [her] medical chart and . . . imaging reports." *Id*. at 14. Plaintiff asserts that these conditions are life-threatening and that she needs to see a specialist. *Id*. She believes that she is "full of tumors." *Id*. at 15. Plaintiff claims that a Centurion medical provider at TCF, Dr. Jena Lee, has entered orders for her to have ENT and GI consults, as well as an MRI of her abdomen. *Id.* at 16. Plaintiff alleges that these orders are not being followed "for reasons of protecting the enormous amount of professionals under investigation for the conspiracy to murder Ms. Frantz, as a full disclosure of medical diagnosis will [be] sure to bring about the most serious federal and state criminal charges." *Id*.

Plaintiff asserts a claim for violation of the Eighth Amendment due to deliberate indifference to her serious medical needs. It is not clear if she is asserting additional claims. She mentions the failure to respond adequately to her grievances, due process violations in connection with her prior legal actions, and the violation of numerous internal policies and procedures of the Kansas Department of Corrections ("KDOC").

Plaintiff names the following defendants: the State of Kansas; Jeff Zmuda, Secretary of Corrections; Gloria Geither, Warden of TCF; David McCabe, Acting Warden of TCF; Ryan Shanks, EAI officer, TCF; Joshua Winkleman, EAI officer, TCF; Cathy Robinson, Director of Health Care Services, KDOC; Centurion, contracted medical provider for TCF; Michelle Calvin, Centurion Medical Services Administrator; Jena Lee, M.D., Centurion; April Farrell, APRN, Centurion; Sara Hart, APRN, Centurion; Gregory Erb, M.D., Centurion; Scott Logan, M.D., Global Diagnostic Services; Francisco Correa, M.D., Cotton O'Neil Endocrinology; Andrew Dedeke, Sheriff, Leavenworth County; Michelle (LNU), Physician Assistant, LCJ; Melissa Wardrop, LPN, LCJ; and Jane and John Doe, Leavenworth County Sheriff officers involved in operating the LCJ on 7/24-25/2017. Plaintiff seeks relief in the form of compensatory and punitive damages, as well as declaratory and injunctive relief. *Id*. at 9.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Amended Complaint, the Court finds that it is subject to dismissal for the following reasons.

### A. Claims Raised in Prior Lawsuit

The allegations that Plaintiff makes in the Amended Complaint appear very similar, if not identical, to allegations she raised in a previous lawsuit before this Court. In *Frantz v. State of Kansas*, Case No. 21-cv-3117-SAC, the Court summarized the "Amended Second Amended Complaint" ("ASAC") as follows:

> Plaintiff continues to name the State of Kansas and Warden Geither as defendants in her ASAC. Plaintiff appears to still be alleging that the State of Kansas conspired to "commit murder[,] attempted murder[,] assault, battery, negligence, 8th and 14th Amendments to the United States Constitution, KS Bill of Rights, due process clause, Basic Human Need for Medical Care, as a detainee not to be punished, Infliction of Cruel and/or Unusual Punishment depraved deliberate indifference to serious medical needs – ongoing." (Doc. 26, at 1.)
>
> Plaintiff alleges that Warden Geither violated the Kansas Bill of Rights and the United States Constitution by failing to perform a duty and to respond to grievances, and by neglecting steps to provide an adequate medical care system with intent to cause harm. *Id*. at 2.

>       Plaintiff alleges in her ASAC that while she was a detainee at the
> Leavenworth County Jail ("LCJ") she was physically and sexually assaulted by
> staff on July 24–25, 2017.  Plaintiff alleges that she was denied medical care for
> her injuries caused by the assault.  Plaintiff also alleges that she was denied medical
> care for her pre-arrest diagnosis of organ damage and the condition worsened and
> is ongoing during her custody at the Kansas Department of Corrections ("KDOC").
> *Id*.  Plaintiff alleges that she has "skull swelling, knots and tumors, and two
> herniated areas on her abdomen.  *Id.*
>
>       As Count I, Plaintiff alleges that all Defendants conspired to commit
> murder, attempted murder, depraved deliberate indifference, cruel and unusual
> punishment, and unnecessary and wanton infliction of pain and suffering in
> violation of the Eighth and Fourteenth Amendments to the United States
> Constitution, the Kansas Bill of Rights, and the ADA.  *Id*. at 3.  As Count II,
> Plaintiff alleges assault and battery and depraved deliberate indifference to serious
> medical needs by all Defendants.  *Id*.  As Count III, Plaintiff alleges that all
> Defendants were negligent and "depraved deliberate indifference to serious
> medical needs." *Id*. at 4.
>
>       Plaintiff's ASAC is hard to follow, as she sets forth various unrelated
> claims.  She alleges she was assaulted by staff at the LCJ in 2017, but also alleges
> a denial of medical care and that the State of Kansas denied her procedural due
> process in her state habeas case and state criminal case.  *Id*. at 6.  Plaintiff alleges
> that her medical complaints are "so visible to the lay person leaving no other
> conclusion as it being conspiracy to commit 1st degree murder against the
> Plaintiff." *Id*.
>
>       Plaintiff seeks compensatory and punitive damages, and injunctive relief
> requiring the TCF to provide her with access to a specialist.  *Id.* at 12.

Memorandum and Order to Show Cause, Doc. 29, Dec. 8, 2021, *Frantz v. State of Kansas*, Case No. 21-cv-3117-SAC.  This was the third show cause order entered by the Court in Case No. 21-3117.  After Plaintiff filed a response to this order, the Court dismissed the lawsuit for failure to state an actionable claim.  Plaintiff appealed, and the Tenth Circuit affirmed the decision of the Court.

It therefore appears that Plaintiff has previously raised the claims she brings here, those claims were considered by the Court and the Tenth Circuit, and her claims were dismissed.  The Tenth Circuit has explained:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. [R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious. The unnecessary burden placed upon the juridical process in adjudicating these frivolous and malicious lawsuits is obvious. [T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . .. No one, rich or poor, is entitled to abuse the judicial process.

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal citations and quotation marks omitted).

Plaintiff is given an opportunity to show cause why this action should not be found to be repetitive and duplicative of Plaintiff's previous lawsuit and dismissed as frivolous.

### B. Statute of Limitations

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute

7

of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Amended Complaint that all of Plaintiff's allegations involving the LCJ occurred sometime prior to her transfer to TCF in July, 2020, and therefore outside the applicable two-year statute of limitations. In addition, some of Plaintiff's allegations about medical care and other events at TCF occurred more than two years before this lawsuit was filed. All claims based on these allegations are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). All LCJ defendants (Andrew Dedeke, Michelle (LNU); Melissa Wardrop, and Jane and John Doe) are also subject to dismissal.

### C. Personal Participation of Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In addition, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at \*6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at \*7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at \*7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state

officials"). Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim.

Many of the defendants are subject to dismissal because Plaintiff fails to allege facts in the Amended Complaint showing the personal participation of each defendant in the alleged constitutional violations. This makes it "impossible for any of these individuals," as well as the Court, "to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). The Supreme Court has criticized complaints that "mentioned no specific time, place, or person involved" in the alleged violations. *Twombly*, 550 U.S. at 565, n.10. Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." *See id.*

Plaintiff fails to state a claim in her Amended Complaint because she does not support each claim by naming an individual defendant or defendants as directly involved in each scenario and describing the acts or inactions of that person which allegedly violated her constitutional rights.

### D. Improper Defendant

Plaintiff names the State of Kansas as a defendant. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v.*

*Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, she must show cause why this defendant should not be dismissed from this action.

### E. Medical Claims

Plaintiff names Centurion as a defendant, as well as several Centurion employees. She alleges that they have failed to provide adequate medical care by failing to act on information provided by Plaintiff through sick calls, denying and delaying access to providers, and denying doctors' orders for an MRI and specialist referrals.

In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). Plaintiff has failed to allege the requisite causative custom or policy. This action is subject to dismissal as against Defendant Centurion. Plaintiff is directed to show good cause why her claims against Defendant Centurion should not be dismissed.

Plaintiff states that she has had "countless visits" to various Centurion medical providers. (Doc. 6, at 25.) Despite the care she has received, she believes additional or different care is warranted.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). The "deliberate indifference" standard

includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Plaintiff's allegations show her disagreement with medical personnel regarding the proper course of treatment. Plaintiff has failed to show that the defendants disregarded an excessive risk to her health or safety or that they were both aware of facts from which the inference could be

12

drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claims are subject to dismissal.

### F. Violations of KDOC Policies and Procedures

Plaintiff asserts that the defendants violated various KDOC internal procedures and state regulations. Such claims are not actionable under § 1983. As noted, in a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

To the extent Plaintiff seeks money damages from the defendants for violating Kansas regulations or other prison policy, such allegations fail to state a federal constitutional violation under § 1983. "[N]ot every violation of state law or state-mandated procedure is a violation of the Constitution." *See Massey v. Helman*, 259 F.3d 642, 647 (7th Cir. 2001) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why the Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

If she chooses to file a second amended complaint, Plaintiff should be sure to avoid any claims that she raised in her previous lawsuit. Furthermore, she should take care to comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a

short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Amended Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3246-JWL) at the top of the first page of her second amended complaint, and she must name every defendant in the caption. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the second amended complaint, where she must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The second amended complaint should concisely (1) raise only properly joined claims and defendants; (2) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) allege sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **January 5, 2024,** in which to show good cause, in writing, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **January 5, 2024,** in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 5, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE