IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BARBARA MARIE FRANTZ,**

    **Plaintiff,**

    v.                                        **CASE NO. 23-3246-JWL**

**STATE OF KANSAS, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Topeka Correctional Facility in Topeka, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On December 5, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 13) ("MOSC") granting Plaintiff an opportunity to show good cause why her Amended Complaint should not be dismissed or to file a second amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed a Second Amended Complaint (Doc. 16), and the Court entered a Memorandum and Order dismissing this case on February 26, 2024. (Doc. 27.) This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 30) filed on March 1, 2024. Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e)

may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In her motion for reconsideration, Plaintiff argues that "documents of discovery [are] likely to obtain responses from documents which could lead to useful documentation and witnesses." (Doc. 30, at 1.) She continues to argue that she should have a forensic medical examination, seven (7) years after the alleged sexual assault. *Id*. at 2. She continues to argue about the assault, missing reports, and lack of medical care immediately after the incident. She asserts that her resulting "permanent injury" is "obvious to a layperson" and attaches four (4) unsworn statements from other prisoners saying that they see her "skull swelling" and that she holds her stomach at night. *Id*. at 11-14. She asserts that the Court failed to take judicial notice of open investigations with the FBI (for conspiracy to murder her) and the Kansas Board of Healing Arts and Board of Nursing (for medical errors in 2013). *Id*. at 16-17. She argues that the continuing violation doctrine should toll the statute of limitations as to her alleged assault in 2017 and that there is a continuing violation

of her Eighth Amendment rights "until the date, if any, on which adequate treatment was provided." *Id.* at 20.  She asserts that she is "being kept undiagnosed and untreated for purpose of concealment." *Id.*

Plaintiff continues to ignore the bases for dismissal and rehash arguments she has already made in this case and in her previously filed case.  She does not point to an intervening change in the law or to new evidence.  Plaintiff continues to emphasize that she believes that she has undiagnosed medical needs.  As the Court found in its order dismissing this case,

> Plaintiff's allegations do not show a lack of medical care, but rather show Plaintiff's disagreement regarding both her diagnoses and the proper course of treatment.  Plaintiff has failed to show that Defendants disregarded an excessive risk to her health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.  Plaintiff's claims suggest, at the very most, negligence, and are subject to dismissal.

Memorandum and Order, Doc. 27, at 7.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its February 26, 2024 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 30) is **denied.**

**IT IS SO ORDERED**.

**Dated March 6, 2024, in Kansas City, Kansas.**

> **S/ Julie A. Robinson**
> **JULIE A. ROBINSON**
> **UNITED STATES DISTRICT JUDGE**