IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BARBARA MARIE FRANTZ,**

    **Plaintiff,**

    v.                                **CASE NO. 23-3246-JWL**

**STATE OF KANSAS, et al.,**

    **Defendants.**

### ORDER TO SHOW CAUSE

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Topeka Correctional Facility in Topeka, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On February 26, 2024, the Court entered a Memorandum and Order dismissing this case for failure to state a claim. (Docs. 27, 28). Plaintiff filed a Notice of Appeal (Doc. 31) and a motion for reconsideration (Doc. 30) on March 1, 2024. On March 6, 2024, the Court entered a Memorandum and Order (Doc. 35) denying Plaintiff's motion for reconsideration. This matter is before the Court on Plaintiff's motion for leave to appeal in forma pauperis (Doc. 38).

The Court orders Plaintiff to show cause why the motion to proceed on appeal *in forma pauperis* should not be denied for failure to provide the information required by Fed. R. App. P. 24(a) and 28 U.S.C. § 1915(a)(2). Federal Appellate Rule 24(a) requires a party who desires to appeal *in forma pauperis* to file a motion in the district court. *See* Fed. R. App. P. 24(a)(1). Under that rule, the moving party must file an affidavit that shows the party's inability to pay and that states the issues that the party intends to present on appeal. *See id*. In addition, 28 U.S.C. § 1915 provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing

1

that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Thus, "[i]n order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Plaintiff has not stated the issues that she intends to present on appeal – in either her notice of appeal or in her motion to proceed *in forma pauperis* on appeal – as required. Therefore, the Court cannot determine whether the appeal is taken in good faith under the standard set forth above. Moreover, the Court cannot confirm Plaintiff's inability to pay because she has not submitted a six-month statement from her prison trust fund account, which the applicable statute also requires. *See* 28 U.S.C. § 1915(a)(2). Plaintiff must remedy these deficiencies before the Court may rule on the instant motion.

**IT IS THEREFORE ORDERED** that Plaintiff is required to show cause on or before **April 9, 2024**, why the motion to proceed on appeal *in forma pauperis* (Doc. 38) should not be denied for failure to provide the required information as set forth herein.

**IT IS SO ORDERED**.

**Dated March 19, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**